UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL JACKSON,

    Plaintiff,

v.                                    Case No: 2:14-cv-717-FtM-38DNF

ST. JUDE MEDICAL
NEUROMODULATION DIVISION,
MEDTRONIC, INC. and ALLSTATE
PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendants.
_____/

## **ORDER**[1]

This matter is before the Court on Plaintiff Daniel Jackson's Second Motion to Remand (Doc. #6) filed on December 23, 2014. Defendant St. Jude Medical Neuromodulation Division ("St. Jude") filed a Response to Plaintiff's Second Motion to Remand (Doc. #13) on January 6, 2015, to which Defendant Medtronic, Inc. ("Medtronic") joined (Doc. #16). Plaintiff's motion is ripe for review.

## **BACKGROUND**

**A. Original remand**

This case began on June 4, 2012, when Plaintiff filed suit in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida ("State Court") against two

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

individuals with whom he was involved in a motor vehicle accident. (Doc. #1 at ¶ 1; Doc. #2 at ¶ 4). Less than three months later, Plaintiff amended the Complaint, releasing the two individuals and naming Allstate Property & Casualty Insurance Company ("Allstate") as a defendant. (Doc. #1 at ¶ 1). Plaintiff named Allstate because it insured the vehicle Plaintiff was riding in at the time of the accident. (Doc. #2 at ¶ 3). Plaintiff asserted a breach of contract claim against Allstate for its alleged failure to make full and timely medical and disability payments for his injuries that stemmed from the accident. (Id. at ¶¶ 1-9).

On December 13, 2013, Plaintiff filed a Second Amended Complaint, adding St. Jude and Medtronic as defendants and asserting various products liability and negligence claims against them. (Id. at ¶¶ 10-70). Plaintiff purchased two medical devices from St. Jude and Medtronic before and after the accident, and both devices have allegedly malfunctioned. (Id. at ¶¶ 13-14, 44-45). St. Jude and Medtronic were served with the Second Amended Complaint on May 8, 2014, and May 9, 2014, respectively. (Doc. #1 at ¶¶ 3-4).

On June 9, 2014, St. Jude removed this action to this Court under 28 U.S.C § 1441. (Id.). Medtronic and Allstate consented to the removal. Plaintiff, however, filed a motion to remand, which this Court denied on September 22, 2014. Nevertheless, the Court independently ordered St. Jude and Medtronic to show cause why the amount in controversy as to Allstate exceeded the jurisdictional minimum of $75,000. St. Jude filed its response, but the Court remained unconvinced that the amount in controversy requirement for subject matter jurisdiction had been satisfied as to Allstate, and thus remanded the case on October 20, 2014. (Doc. #6-5).

**B.  St. Jude's and Medtronic's actions in State Court post-remand**

On October 22, 2014, Plaintiff filed a copy of this Court's remand order with the State Court.  At that time, the State Court had not formally reopened the case because it had not received the certified copy of the order from the federal Clerk's Office.[2]  While the state case was still closed, Plaintiff moved for clerk's defaults against St. Jude and Medtronic.  (Doc. #6-11 at 10-13).  The State Court entered default against St. Jude only on November 5, 2014, but vacated the default two weeks later.  (Doc. #6-16 at 10-11).

The State Court finally reopened the case on November 10, 2014, but backdated the reopening to October 27, 2014, i.e., the date in which it received the certified copy of the Court's remand order.  Because of Plaintiff's actions with the clerk's default, Medtronic filed a Motion to Dismiss within ten days of the State Court reopening the state case.  (Doc. #16 at 4; Doc. #6-11 at 6).

Since Plaintiff brought this action against St. Jude on December 13, 2013, St. Jude had until December 13, 2014, to establish the jurisdictional minimum and remove this case to federal court.  Thus, on November 14, 2014, St. Jude served requests for admission on Plaintiff to confirm that the amount in controversy exceeded $75,000 as to each Defendant.  (Doc. #6-7).  Five days later, Medtronic served identical requests for admission.  (Doc. #6-10).

According to St. Jude, Plaintiff refused to stipulate to a shortened time in which to respond to the requests for admission.  As a result, Plaintiff filed a Motion for Protective Order and Motion to Strike on November 17, 2014, and St. Jude and Medtronic moved to

---

[2] "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case."  28 U.S.C. § 1447(b).

expedite Plaintiff's responses. (Doc. #6-16 at 8-14; Doc. #6-11 at 1-2). The State Court held a hearing on November 25, 2014, at which time it granted St. Jude's motion and required Plaintiff to respond to the requests for admission by December 3, 2014. (Doc. #6-9; Doc. #6-16 at 4).

Plaintiff timely responded to the requests for admission, but only admitted that the amounts in controversy exceeded $15,000. (Doc. #6-15). Since Plaintiff's answers were non-responsive, St. Jude filed an Emergency Motion to Compel Better Answers to Requests for Admission on December 5, 2014. (Doc. #6-16). The State Court held hearing on the emergency motion on December 11, 2014, and ordered Plaintiff to admit or deny the requests for admission by 2:00 p.m. that same day or face sanctions. (Doc. #6-7; Doc. #6-17). Plaintiff subsequently admitted that the jurisdictional minimum as to each Defendant exceeded $75,000. (Doc. #6-18).

Armed with Plaintiff's admission on the amount in controversy for Allstate, St. Jude removed the case to federal Court on December 12, 2014. Medtronic and Allstate consented to the removal. (Doc. #1-7; Doc. #1-8).

In the midst of the above discovery litigation, Plaintiff filed a Motion for Default against St. Jude for failure to file a responsive pleading to the Second Amended Complaint. (Doc. #6-12). St. Jude, in turn, moved to dismiss the Second Amended Complaint. Plaintiff then filed a notice of hearing setting Medtronic's and St. Jude's Motions to Dismiss for a hearing on December 15, 2014, in the State Court. (Doc. #6-14).

Against this backdrop, the Court will address Plaintiff's Second Motion to Remand. (Doc. #6).

4

## **DISCUSSION**

"Federal courts are courts of limited jurisdiction." United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005) (citation omitted).  Thus, courts strictly construe removal statutes and resolve any doubts about jurisdiction in favor of remand.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  Generally speaking, a defendant may remove a civil case from state court provided the case could have been brought in federal court.  See 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).  The party seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal.  See Moreland v. SunTrust Bank, No. 2:13-cv-242-FtM-29UAM, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013) (citations omitted).

Once a notice of removal is filed, the plaintiff has thirty days to seek remand "on the basis of any defect other than lack subject matter jurisdiction." 28 U.S.C. § 1447(c). "One such defect, commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to the federal court." Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (citing 28 U.S.C. § 1447(c)).  In Yusefzadeh, the Eleventh Circuit elaborated on this type of waiver:

> A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of

> removal with the federal court. . . . [W]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court[.]"

365 F.3d at 1246 (citation omitted); see also Del Rio v. Scottsdale Ins. Co., No. 6:05-cv-1429, 2005 WL 3093434, at *5 (M.D. Fla. Nov. 18, 2005) ("A defendant is deemed to have waived its right to remove if, after the right to remove is apparent, it takes 'clear and unequivocal actions' in state court that manifest its intent to have the matter adjudicated there." (citation omitted)). "Whether the state court defendant had waived his right to remove based on 'active participation must be made on a case-by-case basis.'" Yusefzadeh, 365 F.3d at 1246 (citing Hill v. State Farm Mutual Auto. Ins. Co., 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999). "[A] waiver by one defendant will bind a second defendant[.]" Estevez-Gonzalez v. Kraft, Inc., 606 F. Supp. 127, 128 (S.D. Fla. 1985).

Here, Plaintiff seeks to remand this case on the ground that St. Jude and Medtronic waived their right to removal by litigating in the State Court after this Court's remand order of October 20, 2014. (Doc. #6 at 2, 7-17). Plaintiff highlights that St. Jude's intent to proceed in State Court is evidenced by its filing of the Motion to Dismiss and coordinating the hearing prior to removal. (Id. at 17). For the following reasons, the Court disagrees.

St. Jude did not evidence a willingness to litigate in the State Court before moving for removal. St. Jude had until December 13, 2014, to remove this action. Given this approaching deadline, St. Jude underwent extensive efforts to obtain discovery from Plaintiff in order to establish the requisite amounts in controversy and, in turn, to effect removal without delay. The impending one-year statutory removal deadline and St. Jude's desire to exercise its right to removal fueled its actions in State Court. (See e.g., Doc. #6-16 at 6). Thus, it cannot be said that St. Jude's requests for admission and

6

subsequent efforts to compel responsive answers from Plaintiff manifested its "clear and unequivocal" intent to waive its right to removal. See Estevez-Gonzalez, 606 F. Supp. at 128 (stating, "[a] motion for extension of time and the taking of discovery clearly do not evidence an unequivocal intent to waive removal and as such have been held not to result in the waiver of the right to remove" (citations omitted)).

Moreover, St. Jude's Motion to Dismiss was not an attempt to litigate this case on its merits at State Court. It is well settled that "[t]he filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum." Hill, 72 F. Supp. 2d at 1354 (citations omitted).

In Yusefzadeh, a case nearly indistinguishable from this one, the Eleventh Circuit held that the removing defendant's single act of filing a motion to dismiss in state court prior to removal, as required under state law, did not result in a waiver of its right to remove to federal court. 365 F.3d at 1246-47. The Eleventh Circuit reasoned that the defendant did not take "substantial offensive or defense actions" by filing a responsive brief in state court and then seeking removal where the defendant "did not schedule a hearing on [its] motions to dismiss prior to seeking removal and the state court had not ruled on [the] motions to dismiss prior to [defendant] removing the case." Id. at 1247. Under those circumstances, the Eleventh Circuit found that the defendant had not waived its right to remove the action to federal court.

As in Yusefzadeh, St. Jude removed this case before the State Court ruled on the Motion to Dismiss. See also Cogdell v. Wyeth, 366 F.3d 1245, 1249 (11th Cir. 2004) (vacating a remand order, in part, because the defendant did not take "substantial offensive or defensive actions in state court" by moving to dismiss the case and then

7

removing to federal court).  Hence, this is not a case in which St. Jude experimented at the State Court level and removed this matter only after it received an unfavorable decision.  Furthermore, St. Jude's Motion to Dismiss served as its responsive pleading. See Del Rio, 2005 WL 3093434, at *6 ("'The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendant's intent in making the motion.  If the motion is made only to preserve the *status quo* ante and not to dispose of the matter on its merits, it is clear that no waiver has occurred.'" (citation omitted)).  Moreover, this case was not yet removable at the time St. Jude filed its Motion to Dismiss, as Plaintiff had yet to respond to the requests for admission.  Under these circumstances, St. Jude was free to file the Motion to Dismiss and then remove the action to federal court without risk of waiver.  See Yusefzadeh, 365 F.3d at 1246-47 (reasoning, because competing deadlines at the state court may put a defendant in a "quandary," a defendant's actions in state court must be deemed "substantial offensive or defensive actions" in order to waive the right to remove).

Finally, to the extent Plaintiff relies on Medtronic's actions in State Court to satisfy the above exception to removal, the Court is unconvinced.  Even setting aside the fact that Medtronic is not the removing party, its actions provide even less evidence of an intent to litigate the merits at the State Court as set out in the fact section above.

In conclusion, St. Jude and Medtronic took no substantial offensive or defensive measures in State Court after the case became eligible for removal, and therefore did not waive their rights to remove.  The Court, therefore, denies Plaintiff's Second Motion to Remand.

Accordingly, it is now

**ORDERED:**

Plaintiff Daniel Jackson's Second Motion to Remand ([Doc. #6](Doc. #6)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of January, 2015.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record