UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL JACKSON,

       Plaintiff,

v.                                                                                          Case No: 2:14-cv-717-FtM-38MRM

ALLSTATE PROPERTY AND
CASUALTY INSURANCE
COMPANY,

       Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant's Motion *in Limine* (Doc. #79) filed on April 28, 2016. Plaintiff Daniel Jackson has not filed a response to Defendant's motion, and the time to do so has expired.

A motion *in limine* presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. *See Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of [such a motion] is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Id.* The court excludes evidence on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *See id.* (citing *Luce v. United*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*States*, 469 U.S. 38, 41 (1984)).  Denial of a motion *in limine* does not ensure evidence contemplated by the motion will be admitted at trial.  Instead, denial means the court cannot decide to exclude the evidence in question outside the trial context.  *See id.*

In this case, Defendant moves the Court to preclude any evidence or testimony regarding causation, Plaintiff's future medical expenses, and Plaintiff suffering a permanent injury beyond that timely disclosed in the records and Dr. Mark Mean's expert opinion.  (Doc. #79).  Absent from Defendant's motion is reference to the *specific* evidence or testimony it wishes the Court to preclude.  Without such specifics, the Court will not make a blanket evidentiary ruling outside the context of trial.  Moreover, a review of the docket suggests that Defendant's motion *in limine* may be moot or altered in light of subsequent Court orders.  (Doc. #89; Doc. #102).

The Court, therefore, denies Defendant's Motion *in Limine* (Doc. #79).  However, Defendant may file, if necessary, an amended motion *in limine* that identifies the specific evidence and testimony it seeks to preclude and the supporting case law.

Accordingly, it is now **ORDERED:**

(1) Defendant's Motion *in Limine* (Doc. #79) is **DENIED**.

(2) Defendant may file, if necessary, an amended motion *in limine* consistent with this Order on or before **July 13, 2016 at 12:00 p.m.**  Plaintiff may file a response thereto on or before **July 14, 2016 at 12:00 p.m.**

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of July, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record